UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON SHOLA AKANDE,
A# 076 952 415,
    Petitioner,

    v.                                                          CIVIL ACTION NO. 11-11913-NMG

SUPERINTENDENT GERARD HORGAN,
    Respondent.

## MEMORANDUM AND ORDER FOR DISMISSAL

GORTON, D.J.

       On October 27, 2011, Petitioner Jason Shola Akande ("Akande"), an immigration detainee at the Suffolk County House of Correction in Boston, Massachusetts, filed a self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that his continued detention was in violation of his due process rights as articulated by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001). The petition was served, and on January 13, 2012, the Respondent filed a Motion to Dismiss (Docket No. 10). The Respondent represented that there was a significant likelihood of Akande's removal in the reasonably foreseeable future.

       Akande filed an Objection (Docket No. 12) challenging the Respondent's representation that he was likely to be removed. He also challenged the underlying criminal conviction that formed the basis for his removal order, and contended he should be allowed to finish all of his pending civil rights cases challenging governmental conduct in connection with his criminal conviction.

       On February 17, 2012, this Court entered an Electronic Order directing the Respondent to file a Status Report concerning the removal of Akande, which was set for February 21, 2012. On February 28, 2012, the Respondent filed a Status Report (Docket No. 15) indicating that the

necessary travel documents had been obtained from the Nigerian Consulate and that ICE had attempted to remove Akande. While at the airport, Akande informed the ICE agents he would not board the plane, and then became belligerent and disruptive. He yelled loudly, curled up in a ball, refused to walk to the gate, and aggressively waived his arms at an ICE officer. As a result of the refusal to cooperate, ICE agents ceased efforts to remove Akande as scheduled, in order to protect the public.

Thereafter, this Court entered a Electronic Order requiring the Respondent to provide a further Status Report. In the interim, Akande filed another Objection to the Respondent's Motion to Dismiss (Docket No. 17). In that pleading, Akande challenged his final order of removal by alleging governmental misconduct in connection with his immigration case. He again challenged the validity of his criminal conviction. Finally, he alleged ICE agents have refused to return property seized from him (wallet, money, credit card, watch, cell phone, clothes).

On March 5, 2012, Akande filed a Letter (Docket No. 18) in which he sought forms to file a federal criminal complaint against an individual.

On March 28, 2012, the Respondent filed a further Status Report (Docket No. 19) advising that on March 2, 2012, the Respondent attempted, for the <u>second</u> time in two weeks, to remove Akande to Nigeria. The attempt again was aborted because of deliberate actions taken by Akande at Logan International Airport. As ICE attempted to board Akande from the tarmac, Akande told agents he would not return to Nigeria, and then began to scream and drop to the ground. Then, as ICE agents were bringing him from the tarmac to the jet way, Akande kicked a supervisory ICE officer, and injured him. Akande then told officers that he would not go, and began kicking another ICE agent, screaming obscenities as he was escorted to the plane. Upon

2

hearing Akande's screams, the aircraft's pilot emerged from the cockpit and refused to allow Akande to board the plane.

The Respondent now contends that new travel documents must be obtained and that Akande will remain in ICE custody pending removal. The Respondent again requests this Court rule on the pending Motion to Dismiss.

DISCUSSION

In light of the litigation history noted above, this Court finds that the Respondent's Motion to Dismiss is well-founded. There is a valid final order of removal and ICE has made two attempts to execute on the removal order. Thus, Akande remains in custody solely due to his own efforts to thwart removal, which has resulted in ICE having to obtain new travel documents. Under these circumstances, the removal period is tolled, and detention pending removal is authorized by section 241(a)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure . . ."), and 8 U.S.C. § 1231(a)(1)(C).

Further, "[i]t is well established that Zadvydas does not apply where a detainee who holds the keys to his freedom thwarts his removal by lying or refusing to cooperate with ICE." Akinsehinwa v. Donate, 2008 WL 2951072, *4 (M.D. Pa. 2008) citing 8 U.S.C. § 1231(a)(1)(C); Kovalev v. Ashcroft, 71 F. App'x 919, 924 (3d Cir. 2003); and Pelich v. I.N.S., 329 F.3d 1057, 1061 (9th Cir. 2003). See Agbanyo v. Cabral, 518 F. Supp. 2d 326 (D. Mass. 2007); Hydara v. Gonzales, 2007 WL 2409664, *5 (D. Minn. 2007).

Moreover, Akande's challenges to the final order of removal (alleging government

misconduct) cannot be raised in the District Court. Indeed, Akande's prior attempt to challenge his removal in this fashion has been rejected. See Akande v. Sumpter, Civil Action No. 10-11173-DPW (Electronic Order entered November 4, 2010 granting Respondent's Motion to Dismiss for Lack of Jurisdiction). See also 8 U.S.C. § 1252(a)(4)-(5), (b)(9) and Aguilar v. ICE, 510 F.3d 1, 9 (1st Cir. 2007) (holding judicial review of removal decisions vested exclusively in the courts of appeals). Further, this Court rejects Akande's arguments that he should be allowed to finish his civil litigation before he is removed. Akande may continue to pursue his civil litigation after removal, and the fact that he has pending civil actions does not serve as a basis to Stay removal. Finally, Akande's civil challenges to governmental misconduct leading to his criminal conviction do not present cognizable claims in light of the Favorable Termination Rule of Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny. In short, this Court finds that the Respondent has met his burden to demonstrate that Akande's current detention is lawful. Concomitantly, Akande has not set forth any legal basis for this Court to find that dismissal of this action is not warranted at this time.[1]

---

[1] To the extent that Akande seeks to file a criminal complaint against an individual, this request is unrelated to the instant action. In any event, the request is to no avail, particularly where any attempt to file a federal criminal complaint would be futile. Federal courts do not have jurisdiction over criminal cases unless they are prosecuted by the United States Attorney. See e.g., United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]here is a long line of cases holding that federal courts have no jurisdiction over cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney."); Pugach v. Klein, 193 F. Supp. 630, 633-635 (S.D.N.Y. 1961) (power to enforce criminal law vested in executive branch by Constitution; no residual power in private citizens to enforce law when United States Attorney does not prosecute). See 28 U.S.C. § 547 (1) (except as provided by law, the United States has sole authority to prosecute). Akande does not have standing to bring a criminal action because no statute authorizes him to do so. Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (*per curiam*) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); cf. Linda R.S. v. Richard D.,

Accordingly, this action shall be <u>DISMISSED</u>. Akande may renew his Zadvydas claim only if there is a good reason to believe there is no significant likelihood of removal in the foreseeable future, <u>and</u> if he can show that he has cooperated with ICE in removal efforts in obtaining travel documents and represents that he will cooperate in his removal once documents are obtained and removal is set.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that Respondent's Motion to Dismiss (Docket No. 10) is <u>ALLOWED</u>. A separate Order of Dismissal shall enter closing this action.

SO ORDERED.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

DATED: April 9, 2012

---

410 U.S. 614, 619 (1973) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).,

5